```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| NORRIS TURNER,<br><br>    Petitioner,<br><br>      v.<br><br>WARDEN JORDAN HOLLINGSWORTH,<br><br>    Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-4364 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

   Before the Court is Petitioner Norris Turner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket Entry 1).

   1.   Petitioner is a convicted and sentenced federal prisoner presently incarcerated at FCI Fort Dix, New Jersey, serving a sentence imposed by the United States District Court for the Northern District of New York.

   2.   Petitioner filed this pro se petition challenging the actions of the State of New Jersey Parole Board. (Docket Entry 1 at 2).

   3.   On July 1, 2005, Petitioner, who was at that time incarcerated in a New York state jail, received a letter from the New Jersey Parole Board informing him that a detainer had been lodged against him charging him with violating his parole. (Docket Entry 1-2 at 4).

4. On July 5, 2005, Petitioner waived his right to extradition proceedings and consented to return to New Jersey. (Docket Entry 1-2 at 9).

5. Petitioner asserts he was held without a revocation hearing in violation of his Due Process rights under the Fifth and Fourteenth Amendments, and in violation of the Administrative Procedure Act, until September 28, 2005. (Docket Entry 1 at 6-7).

6. Petitioner states the parole detainer remains active and has prevented him from participating in re-entry programs at Fort Dix.

7. Petitioner states he has not pursued any administrative remedy because there are "no available state remedies." (Docket Entry 1 at 3).

8. Petitioner filed his petition on July 7, 2014 and requests this Court to require the New Jersey State Parole Board to comply with the parole revocation process and to quash the detainer against him.

9. Petitioner additionally filed motions for an Order compelling an answer from Respondents, (Docket Entry 3), and for default judgment, (Docket Entry 4).

10. To the extent that the Petition could be construed as a challenge to Petitioner's federal sentence, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner

2

who is challenging not the validity but the execution of his sentence." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (citing *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir.2001)).

11.   The Third Circuit has noted that "[w]hile the 'precise meaning of "execution of the sentence" is hazy,' we have defined execution to mean 'put into effect' or 'carry out,'" *Kenney v. Warden Lewisburg USP*, 591 F. App'x 45, 47 (3d Cir. 2014) (quoting *Woodall*, 432 F.3d at 241, 243). "[T]o challenge the execution of his sentence under § 2241, [an inmate] would need to allege that [the challenged] conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012). Petitioner has not alleged that the Federal Bureau of Prisons have acted inconsistently with his federal sentence, therefore he may not bring his claim under § 2241.

12.   To the extent Petitioner is challenging an action by the New Jersey State Parole Board, he must bring his claims under 28 U.S.C. § 2254. "Section 2254 supplies federal jurisdiction over habeas petitions filed by the inmates challenging their state convictions or sentences, or the execution of those state sentences, including the issues of parole, term calculation, etc." *McKnight v. United States*, 27 F. Supp. 3d 575, 579 (D.N.J. 2014) (citing 28 U.S.C. § 2254).

13. At this time, the Court declines to construe this Petition as proceeding under § 2254 as Petitioner admits he has not exhausted his administrative and state court remedies. (Docket Entry 1 at 3).

14. "Under Section 2254, a writ of habeas corpus may not be granted unless the applicant has exhausted remedies available in state court or 'unless there is an absence of available corrective state process or state remedies are ineffective.'" *Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir. 2001) (quoting *Morris v. Horn*, 187 F.3d 333, 337 (3d Cir. 1999); 28 U.S.C. § 2254(b)(1)). Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

15. The State Parole Board is an administrative agency whose actions are reviewable in the New Jersey Superior Court Appellate Division. *See* N.J. Ct. R. 2:2-3(a)(2) ("[A]ppeals may be taken to the Appellate Division as of right ... to review final decisions or actions of any state administrative agency or officer . . . ."); *Trantino v. N.J. State Parole Bd.*, 764 A.2d 940, 976 (N.J. 2001), *modified*, 772 A.2d 926 (N.J. 2001); *In re Hawley*, 484 A.2d 684, 686 (N.J. 1984).

4

16. Although the exhaustion requirement is not jurisdictional, it is necessary to "afford[] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" *Coady*, 251 at 488 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986)). Therefore, Petitioner must file for relief in the Superior Court of New Jersey and exhaust his available remedies before pursuing this as a federal court matter under § 2254.

17. To the extent Petitioner attempts to assert a civil rights complaint against the State Parole Board under 42 U.S.C. § 1983, his claims are barred by *Heck v. Humphrey*, which held that before a plaintiff can recover damages for unconstitutional conviction, imprisonment, "or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must be able to demonstrate "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus...." 512 U.S. 477, 486-87 (1994).

18. The Third Circuit has explained that a state prisoner may not pursue a § 1983 action "no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal

prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Butler v. Pa. Bd. of Probation and Parole*, 2015 WL 3452854,*3 (3d Cir. 2015) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)). Here Petitioner has not demonstrated that the Parole Board's decision has been invalidated, therefore he cannot bring a civil rights complaint. under § 1983.

    19.  As Petitioner's claims cannot proceed under § 2241, § 2254, or § 1983 at this time, the petition will be dismissed without prejudice, and the motions dismissed as moot.


**June 11, 2015**             **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                   Chief U.S. District Judge